[No. 26873. Department Two. March 4, 1938.]

Jos. Coleman et al., *Appellants*, v. The City of Everett
et al., *Respondents*.[1]

*Jos. Coleman* and *Clarence J. Coleman,* for appellants.

*Jesse H. Davis* and *Parker Williams,* for respondents.

Blake, J.—These actions, consolidated for trial, were brought for injunctive relief. From judgments of dismissal, plaintiffs appeal.

In 1929, the appellants severally executed and delivered to the respondent city deeds of easement containing the following clause:

"Know All Men by These Presents, that Theodore Anderson, a bachelor, for and in consideration of Eleven Hundred and no/100 Dollars ($1100.00), and other good and valuable consideration, receipt of which is hereby acknowledged, does hereby grant and convey

[1]Reported in 76 P. (2d) 1007.

unto Everett, a municipal corporation, an easement for the right to construct and maintain a pipe line or lines *along and under* a strip of land over and across the following described tract of land."

Shortly thereafter, the city laid underground water mains along the strips of land described in the deeds. In their complaints, filed in December, 1936, appellants alleged that the city purposed to lay another pipe line *above ground* along the strips of land described in the deeds of easement; that, to effectuate that purpose, the city had let a contract to respondent Angeles Sand & Gravel Company for the construction of such a pipe line; and that, in performance of the contract, respondents had entered upon the land. The city not only admitted that it claimed, under the deeds of easement, the right to lay a pipe line above ground, but upon dismissal of the actions in the lower court, proceeded to so construct one. So, at the time the cases were heard on appeal, the city had fully accomplished that which appellants sought to enjoin.

Predicated on the accomplished fact, respondents have moved to dismiss the appeals, on the ground that the questions raised are moot. The argument is that, since the actions were for injunctive relief, and since the pipe line has been constructed, a prohibitory injunction would be abortive; and further, since the pipe line is a structure of a public nature, the court will not entertain an action for a mandatory injunction to compel its removal, but will relegate appellants to actions for damages.

From a purely technical standpoint, the motions to dismiss would appear to be well taken. But we think they are without substance. Unless, under the deeds of easement, the city has the right to lay pipe lines above ground, it has taken and damaged appellants' property without paying just compensation therefor, as

required by Art. I, § 16, of the state constitution. If appellants are entitled to compensation, it would be a useless procedure to turn them out and compel them to bring another action to maintain their constitutional rights.

Furthermore, in their complaints, appellants prayed not only for injunctive relief, but "for such other and further relief as to the court may seem just." And respondents, in their answer, prayed:

"In the event that the court determines that some right of the plaintiffs would be violated by the construction and installation across said lands of said trestle and pipe line, the defendants pray . . . that this proceeding be considered an action for damages . . ."

Considering the prayers of the complaints and answers, we think, in view of the conclusion we have reached with respect to the city's rights under the deeds of easement, the motions to dismiss should be denied.

■ Reverting now to the granting clause of the deeds of easement, to ascertain the extent of the rights acquired by the city, it is apparent that the controlling phrase is "along and under." Considered in its context, the phrase would seem hardly susceptible of construction. But respondents urge that along alone may mean upon or above. That may well be. It is, however, used in conjunction with under, which limits, rather than augments, its meaning. So, in its context, along must have been intended by the parties to carry merely its ordinary meaning of "lengthwise," or "in a line with the length." Webster's New International Dictionary. It seems clear to us that the only right acquired by the city under the deeds was to lay a pipe line lengthwise of the strips of land described and under the surface. Any other construction would leave the word under meaningless. Our interpretation of the phrase is borne out by the fact that the original pipe

line was laid under the surface of the land. "Evidence of the use made of a right of way is evidence of the extent of the right . . . ." 1 Thompson on Real Property, § 529.

While we have been referred to no cases defining the particular phrase "along and under," we find in a franchise, in the case of *Commonwealth ex rel. Bell Tel. Co. v. Warwick*, 185 Pa. St. 623, 40 Atl. 93, a phrase of opposite import construed as follows:

"The grant however of authority to run and maintain wires 'over and through' the streets, did not include permission to lay them under, below or beneath. Over and through are equivalent to across and along, not only by the natural meaning of the words in this connection, but by the practical construction given to them at the time by the acts of the parties. The claims of the relator in this respect are too broad and cannot be sustained."

We conclude that, under the deeds of easement, the city acquired no right to construct or maintain a pipe line above the surface of the ground. The construction of the pipe line in question constitutes a taking and damaging of appellants' property, for which they are entitled to just compensation, under Art. I, § 16, of the constitution.

The judgments are therefore reversed, and the causes remanded with directions to ascertain and award appellants the compensation guaranteed to them by that provision.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.